David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com*

Attorneys for Plaintiff SWIFT LABORATORY, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT LABORATORY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MALIBU LABS, an unknown business entity; TODD WILLIAMS, an individual; and DOES 1 through 20, <br><br> Defendants. | Case No. <br><br> Assigned to: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a)** <br> 2. **Breach of Contract** <br> 3. **Breach of Implied Covenant of Good Faith and Fair Dealing** <br> 4. **Unfair Business Practices in Violation of Cal. Business & Professions Code §17200, *et seq*.** <br><br> **-JURY TRIAL DEMANDED-** |

**TO THE COURT:** Plaintiff SWIFT LABORATORY, LLC hereby complains and alleges as follows:

/ / /

/ / /

/ / /

---

1

**COMPLAINT**

## PARTIES

1. Plaintiff SWIFT LABORATORY, LLC (hereinafter "SWIFT" and/or "Plaintiff") is a California limited liability company with its principal place of business located within this judicial district in Ontario, California.

2. Defendant MALIBU LABS (hereinafter "MALIBU" and/or Defendant) is an unknown business entity with a principal place of business located at 30765 Pacific Coast Highway, Suite 330, Malibu, California 90265.

3. Defendant TODD WILLIAMS (hereinafter "WILLIAMS" and/or Defendant) is an individual domiciled in this judicial district.

4. Defendants Does 1 through 20, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that engaged in the unlawful activities complained of herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

6. Defendants MALIBU, WILLIAMS, and Does 1 – 20 shall be collectively referred to in this Complaint as "Defendants" where applied.

## JURISDICTION AND VENUE

7. This action arises from unfair competition and false designation of origin or sponsorship in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and unfair competition in violation of California Business and Professions Code § 17200, *et seq*.

/ / /

/ / /

8. The Court possesses subject-matter jurisdiction over the federal unfair competition and false designation of origin or sponsorship claims in this action, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9. The Court possesses subject-matter jurisdiction over the California State Law claims, pursuant to 28 U.S.C. §§ 1338 and 1367.

10. The Court may exercise personal jurisdiction over Defendants because they reside, have contacts with, and conduct substantial business within the State of California and this judicial district. Defendants offer products in this judicial district and unlawfully use Plaintiff SWIFT's trademark "SWIFT LABORATORY" in connection with counterfeit laboratory test reports submitted to Amazon.com causing tortious injury to Plaintiff SWIFT within this judicial district.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendants transact affairs in this district, including by unlawfully offering to sell and selling infringing products in this judicial district, in connection with Plaintiff SWIFT's SWIFT LABORATORY trademark.

## GENERAL FACTUAL ALLEGATIONS

### A. Plaintiff SWIFT's Business Background.

12. Plaintiff SWIFT is a third-party quality control laboratory for nutraceutical/dietary supplements, cosmetics, foods, and cannabis. Plaintiff SWIFT tests everything from raw materials, intermediate samples, and final products to stability samples.

13. Plaintiff SWIFT's quality control system is in full compliance with the Federal Drug Administration's Current Good Manufacturing Practice (cGMP) regulations and it also maintains ISO17025:2017 accreditation from the ANSI National Accreditation Board (ANAB) which specifies the general requirements for the competence, impartiality, and consistent operation of laboratories.

14. Plaintiff SWIFT provides Amazon Certificates of Analysis (COA) for dietary supplements and nutraceutical products. An Amazon COA from Plaintiff SWIFT

typically contains quantitative analysis to support the active ingredient concentration claimed by a vendor on the Supplement/Nutritional Panel.

15. Typically, the process for obtaining an Amazon COA begins with a prospective/existing vendor contacting Plaintiff SWIFT and completing a Submission Form and providing a sample of the product to be tested. Plaintiff SWIFT then tests the product and a Test Report is produced. The Test Report provides an analysis of: (1) the active ingredients and the presence of alteration drugs such as sibutramine, desmethylsibutramine, phenolphthalein, and fluoxetine; (2) the testing method(s) utilized; (3) the claims made by the vendor; and (4) the result from testing. Plaintiff SWIFT then provides the completed Test Report to the vendor who pays $500 for the testing and written report.

16. On information and belief, it is alleged the completed Test Report is then submitted to Amazon by the vendor who is seeking to have a product listed on Amazon's website.

### B. Defendants' Business and Their Misconduct.

17. On or about February 24, 2022, Defendants contacted Plaintiff SWIFT via telephone to conduct testing on a single product sample of a weight loss supplement (Batch No. BSB201108) (hereinafter "Product Sample") identified under the following 16 product names:

    a. "Trim Life Labs" Sample Code: 220225M0201;
    b. "Instant Keto Burn" Sample Code: 220225M0202;
    c. "Hotshot Keto" Sample Code: 220225M0203;
    d. "Keto Strong" Sample Code: 220225M0204;
    e. "Fitology Keto" Sample Code: 220225M0205;
    f. "Natures Pure Keto" Sample Code: 220225M0206;
    g. "Lean Time Keto" Sample Code: 220225M0207;
    h. "Keto Strong XP" Sample Code: 220225M0208;
    i. "Lean Start Keto" Sample Code: 220225M0209;
    j. "Ultra White Keto" Sample Code: 220225M0210;

  k. "Keto F1" Sample Code: 220225M0211;

  l. "Elite Keto Plus" Sample Code: 220225M0212;

  m. "Keto Extreme" Sample Code: 220225M0213;

  n. "Exipure Ultra Keto" Sample Code: 220225M0214;

  o. "Keto Cutter" Sample Code: 220225M0215; and

  p. "Keto Trim Fast" Sample Code: 220225M0216.

18. Following the telephone call, on February 24, 2022 at approximately 11:06 a.m., Plaintiff SWIFT sent an email to Defendants stating, "the total cost [to test the Product Sample] is $500." Plaintiff SWIFT went on to state "For your (sic) each additional different label product of the same supplement facts, we will charge $30 for each different label product."

19. Thereafter, on or about February 25, 2022, a representative of Plaintiff SWIFT went to Defendants' then-existing business location in Ontario to retrieve the Product Sample.

20. Plaintiff SWIFT conducted testing on the Product Sample and generated Test Reports on March 3, 2022, Report Codes: TR-220303-M02-01 through TR-220303-M02-16 ("SWIFT Test Reports"). True and correct copies of the reports are attached as **Exhibit "A"**.

21. On information and belief, it is alleged upon receipt of the SWIFT Test Reports, Defendants submitted the SWIFT Test Reports to Amazon and the Product Sample under each of the 16 product names was approved for sale on Amazon.com.

22. On or about January 18, 2024, Plaintiff SWIFT received an email from a representative of the Amazon Compliance Team entitled "Request to confirm the authenticity of Test reports – TR-230426-M02-09  Amazon Ref: 12767785841 ID-15085." The email stated in pertinent part:

> "This is Dhanya from Amazon's Modified Document Identification Team.

> We have received a test report from your lab. Due to some doubts, we are having difficulty in authenticating the originality of this report."

23. Upon receipt of the email from the Amazon Compliance Team, Plaintiff SWIFT undertook an investigation. The investigation revealed the report submitted to Amazon was not authentic. A true and correct copy of the counterfeit test report is attached hereto as **Exhibit "B"**. In response to the inquiry from the Amazon Compliance Team, Plaintiff SWIFT sent a response email stating in pertinent part:

> "The attached report was modified. We do not have this sample at all."

Plaintiff also communicated:

> "We did not test this sample…This report is totally fake."

A true and correct copy of the email string is attached hereto as **Exhibit "C"**.

24. After discovering the counterfeit test report and reporting such to the Amazon Compliance Team, Plaintiff SWIFT undertook further investigation and discovered no less than 137 counterfeit reports ("Malibu Labs Counterfeit Reports") were submitted to Amazon Compliance by Defendants bearing (1) the SWIFT LABORATORY trademark, (2) the signature of Dr. Wenjun Wei, (Plaintiff SWIFT's Lab Director), (3) its accreditation number from ANAB, and (4) Certificate Number AT-2969.

25. The Malibu Labs Counterfeit Reports were never generated by Plaintiff SWIFT as Plaintiff SWIFT never received or tested any product samples from Defendants as identified on the Counterfeit Reports.

26. In addition to the Malibu Labs Counterfeit Reports, Plaintiff SWIFT discovered approximately eighteen (18) additional counterfeit reports from the following unknown companies Plaintiff SWIFT never performed testing for: (1) Better Health Now, (2) Fast Lane Distribution, (3) Nutra Nation, (4) Advanced Life Science, and (5) Naomi Smith. These companies are unknown to Plaintiff and are individuals and/or corporate entities that engaged in the unlawful activities complained of herein. This Complaint will be

amended, if appropriate, to include the name or names of these individuals and/or corporate entities can be properly identified.

27.  Defendants' actions in submitting Counterfeit Reports caused substantial harm to Plaintiff including, but not limited to, jeopardizing Plaintiff's registration with the United States Food & Drug Administration, jeopardizing its ISO17025:2017 accreditation from the ANSI National Accreditation Board (ANAB), and its relationship with the Amazon Compliance Team.

## FIRST CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN/FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

## BY PLAINTIFF SWIFT AGAINST ALL DEFENDANTS

28.  Plaintiff SWIFT realleges each and every allegation set forth in Paragraphs 1 through 27, inclusive, and incorporates them by reference herein.

29.  As herein alleged, Defendants' unauthorized use of Plaintiff's SWIFT LABORATORY trademark in connection with their acts to counterfeit at least 137 laboratory test reports for submission to Amazon compliance constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' exploitation suggests a false designation of the origin of the laboratory test reports submitted to Amazon compliance in an effort to get their supplement products approved for sell on Amazon.com.

30.  As a direct and legal result Defendants' unauthorized use of the SWIFT LABORATORY trademark, Defendants have damaged and will continue to damage Plaintiff SWIFT and Plaintiff SWIFT's goodwill and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff SWIFT.

31.  Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff SWIFT and to the public, who is confused by Defendants' unauthorized use of Plaintiff's SWIFT LABORATORY trademark, unless restrained and enjoined by this Court.

32. As a further direct and legal result of Defendants' actions, Plaintiff SWIFT has been damaged and will continue to sustain damage and is entitled to receive compensation arising from Plaintiff SWIFT's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

33. In addition, Plaintiff SWIFT is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of Trial.

34. Plaintiff SWIFT is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT
## BY PLAINTIFF SWIFT AGAINST ALL DEFENDANTS

35. Plaintiff SWIFT realleges each and every allegation set forth in Paragraphs 1 through 34, inclusive, and incorporates them by reference herein.

36. On or about February 24, 2022, Defendants created a contractual obligation with Plaintiff ("Agreement"). Pursuant to the Agreement, Defendants would provide a single Product Sample to be tested. Thereafter, and pursuant to the Agreement, Plaintiff SWIFT would test the Product Sample and generated SWIFT Test Reports to Defendants. Defendants would then owe Plaintiff SWIFT Five Hundred Dollars ($500) for the test of the single Product Sample and Four Hundred and Fifty Dollars ($450) for the 15 additional SWIFT Test Reports.

37. On February 24, 2022, prior to providing the Product Sample, Defendants were informed and aware "each additional different label product of the same supplement facts, we will charge $30 for each different label product."

38. In breach of the Agreement, Defendants produced and submitted no less than 137 counterfeit reports ("Malibu Labs Counterfeit Reports") to Amazon Compliance unlawfully bearing the SWIFT LABORATORY trademark, the signature of Dr. Wenjun

Wei, (Plaintiff SWIFT's Lab Director), Plaintiff SWIFT's ANAB accreditation number and Certificate Number AT-2969.

39. Plaintiff has performed and fully executed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the Agreement.

40. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has been damaged in an amount to be proved at trial, plus statutory interest, and costs according to proof.

## THIRD CAUSE OF ACTION
## FOR BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING
## BY PLAINTIFF SWIFT AGAINST ALL DEFENDANTS

41. Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and incorporates them by reference herein.

42. As stated above, Plaintiff SWIFT and Defendants entered into the Agreement on February 24, 2022.

43. The Agreement is an enforceable agreement that, as a matter of law, contains an implied covenant of good faith and fair dealing, to the effect no party would engage in any conduct designed to deprive the other parties of their benefits under the Agreement.

44. Plaintiff SWIFT has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the Agreement.

45. All conditions required by the Agreement for Defendants to perform their obligations did occur and were not waived or excused.

46. As a result of the wrongful conduct of Defendants, as set forth hereinabove, Defendants have violated the covenant of good faith and fair dealing implied in the Agreement and, as a result thereof, Plaintiff SWIFT is entitled to damages as prayed.

47. As a direct and proximate result of Defendants' breaches of the Agreement, Plaintiff SWIFT has been damaged in an amount to be proved at trial, plus statutory interest, and costs according to proof under the terms of the Agreement.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA

## BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

## BY PLAINTIFF SWIFT AGAINST ALL DEFENDANTS

48. Plaintiff SWIFT realleges each and every allegation set forth in Paragraphs 1 through 47, inclusive, and incorporates them by reference herein.

49. Defendants, as alleged herein, have committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200, *et seq*.

50. The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), as well as the common law of the State of California, including, but in no way limited to, the following:

Unlawful: Defendants' acts and business practices, as described above, are unlawful and fraudulent on numerous grounds including, but not limited to, they constitute: the infringement of Plaintiff SWIFT's trademark rights.

Unfair: Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another. Plaintiff SWIFT's injuries resulting from the above-described conduct, in particular the use and exploitation of Plaintiff's SWIFT LABORATORY trademark to counterfeit test reports is substantial; the injury is not outweighed by any offsetting consumer or competitive benefits of that practice. As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

51.     Plaintiff SWIFT is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

52.     The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff SWIFT.

53.     Plaintiff SWIFT has no adequate remedy at law for the injuries that have been or will continue to be sustained.

54.     Plaintiff SWIFT has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SWIFT prays that this Court enter judgment in its favor and against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION
### (Trademark Infringement)

1.      That it be found Plaintiff's SWIFT LABORATORY trademark has been infringed by Defendants' acts under 15 U.S.C. § 1125;

2.      That it be found that Defendants, and each of them, have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125 and California Business and Professions Code §§ 17200, *et seq.*;

3.      That it be found that Plaintiff SWIFT is entitled to recover damages from Defendants, and each of them, for their acts of unfair competition;

4.      That it be found Plaintiff SWIFT is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and Plaintiff SWIFT further recover punitive damages because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

5.      That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active

concert or participation with them now and in the future, be enjoined from:

a. Using any combination, reproduction, counterfeit, copy, or colorable imitation of the SWIFT LABORATORY trademark in commerce, or likely to be confused with those of Plaintiff SWIFT, or likely to injure Plaintiff SWIFT's business, reputation, or the reputation of the SWIFT LABORATORY trademark;

b. Using any combination, reproduction, counterfeit, copy or colorable imitation of the SWIFT LABORATORY trademark in any manner likely to cause confusion, to cause mistake, or to deceive the public;

c. Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any cosmetic products similar to those provided by Plaintiff SWIFT under a name or mark the same as or similar to Plaintiff's SWIFT LABORATORY trademark;

d. Committing any acts calculated to cause customers or consumers to believe that Defendants' products are approved, licensed, sponsored by, or endorsed by Plaintiff SWIFT; and

e. Otherwise competing unfairly with Plaintiff SWIFT in any manner, including, but not limited to, infringing usage of Plaintiff's SWIFT LABORATORY trademark, or any confusingly similar marks.

6. That Defendants, and each of them, be required to deliver up to Plaintiff SWIFT for destruction, any and all materials which infringe Plaintiff's SWIFT LABORATORY trademark in Defendants' possession and/or under their control;

7. That Defendants be required to deliver up to Plaintiff SWIFT for destruction, any and all catalogs, circulars, and other printed material in Defendants' possession and/or under their control displaying or exploiting Plaintiff's SWIFT LABORATORY trademark;

8. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff SWIFT, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth

in detail the form and manner in which it has complied with the ordered permanent injunction; and

9. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

### (Breach of Contract)

10. For general, special, and consequential damages in an amount to be proved at trial;

11. For interest on the sum of damages awarded;

12. For costs of suit herein incurred; and

13. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

14. For general, special, and consequential damages in an amount to be proved at trial;

15. For interest on the sum of damages awarded;

16. For costs of suit herein incurred; and

17. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION

### (Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et seq.*)

18. For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

19. For an order that Defendants restore to the general public all funds acquired through their infringing activities which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

20. Attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

21. For an award of restitution according to proof at the time of trial; and

22. Such other and further relief at law or in equity, to which the Court deems just and proper.

Dated: August 23, 2024

BERSTEIN LAW, PC

*David A. Berstein*

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
Swift Laboratories LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 23, 2024

BERSTEIN LAW, PC

*David A. Berstein*

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
Swift Laboratories LLC